**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4221**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANTONIO DAVID, II,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:17-cr-00078-MFU-1)

———————

Submitted: September 28, 2023                    Decided: October 3, 2023

———————

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Benjamin Schiffelbein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Michael Antonio David, II, to 18 months' imprisonment after finding that he violated a condition of his supervised release by possessing a firearm. In his opening brief, David argues that the district court clearly erred in concluding that he was the individual depicted on surveillance videos removing an item from his waistband and that the item was a firearm. In his reply brief, David concedes that the item was a firearm but maintains that he was not the individual holding the firearm. We affirm.

To revoke a defendant's term of supervised release, the district court need only find that the defendant violated a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). "This standard requires only that the existence of a fact be more probable than its nonexistence." *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (internal quotation marks omitted).

"We review a district court's decision to revoke supervised release for abuse of discretion. But we review the factual findings underlying a revocation for clear error. Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v.* Doctor, 958 F.3d 226, 234 (4th Cir. 2020) (citation and internal quotation marks omitted). Where, as here, "factual findings are based on the credibility of witnesses, we give great deference to the district court's determinations," and "[w]e typically only disturb credibility determinations when objective evidence contradicts the witness' story or the story is so internally inconsistent or implausible that a reasonable finder of fact would not credit it." *Id.*

2

David argues that we should not defer to the district court's findings because no reasonable factfinder could positively identify the individual holding the firearm. After reviewing the surveillance videos, we find no reason to disturb the district court's decision to credit the testimony of the officer who positively identified David as the individual holding the firearm. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*